UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE WAGNER,<br><br>            Petitioner,<br><br>     v.<br><br>JUDGE,<br><br>            Respondent. | No.  2:21-cv-01689 GGH P<br><br><br>ORDER |

Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has not, however, filed an in forma pauperis affidavit or paid the required filing fee ($5.00). See 28 U.S.C. §§ 1914(a); 1915(a). Petitioner will be provided the opportunity to either submit the appropriate affidavit in support of a request to proceed in forma pauperis or submit the appropriate filing fee.

Rule 2 of the Rules Governing Section 2254 Cases provides that the petition: "shall specify all the grounds for relief which are available to the petitioner and of which he has or by the exercise of reasonable diligence should have knowledge and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c), Rules Governing Section 2254 Cases.  Petitioner must also clearly state the relief sought in the petition. Id. Additionally, the Advisory Committee Notes to Rule 4 explains that "notice pleading is not sufficient, for the

////

1

petition is expected to state facts that point to a real possibility of constitutional error." Advisory Committee Notes to Rule 4; see Blackledge v. Allison, 431 U.S. 63, 75, n.7 (1977).

The pending habeas petition seeks to challenge a 1996 conviction from Sacramento County Superior Court for robbery and murder. ECF No. 1 at 2. In addition, it appears that petitioner may be seeking to bring a civil rights action pursuant to 42 U.S.C. § 1983. Id. at 4. Petitioner has also submitted supplemental documentation which also includes additional claims for relief. See ECF No. 4. In its current form, the petition fails to comply with Rule 2(c), Rules Governing Section 2254 Cases. First, it is unclear whether petitioner has properly brought a habeas action. If petitioner seeks to challenge his conditions of confinement, he must do so by filing a separate civils rights action pursuant 42 U.S.C. § 1983. Secondly, petitioner has neither clearly identified each of the claims he is seeking to raise in a single petition, nor addressed whether each claim has been fully exhausted. Lastly, petitioner has named "Judge" as the respondent. "A petitioner for habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition." Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir.1994) (citing Rule 2(a), 28 U.S.C. § 2254).  For these reasons, petitioner's habeas petition will be dismissed with leave to amend. Rule 4, Rules Governing Section 2254 Cases. In the amended petition, petitioner must set forth which conviction he is seeking to challenge, state each claim for relief and summarize the facts he alleges support each of the identified claims.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner shall submit, within thirty days from the date of this order, an affidavit in support of his request to proceed in forma pauperis or the appropriate filing fee; petitioner's failure to comply with this order will result in a recommendation that this action be dismissed;

2. Petitioner's petition for writ of habeas corpus is dismissed with leave to amend within thirty days from the date of this order;[1]

3. Any amended petition must bear the case number assigned to this action and the title "First Amended Petition"; and

---

[1] By setting this deadline the court is making no finding or representation that the petition is not subject to dismissal as untimely.

2

4. The Clerk of the Court is directed to send petitioner a copy of the in forma pauperis form used by this district and the court's form application for writ of habeas corpus.

Dated: November 23, 2021

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE