1

2

3

4

5

6                                    UNITED STATES DISTRICT COURT

7                                FOR THE EASTERN DISTRICT OF CALIFORNIA

8

9    WILLIE WAGNER,                               Case No.   2:21-cv-01689-JDP (HC)

10                      Petitioner,               ORDER THAT:

11          v.                                    (1) THE CLERK OF COURT ASSIGN A
                                                  DISTRICT JUDGE TO RULE ON THESE
12   NANCY SWEET,                                 FINDINGS AND RECOMMENDATIONS;

13                      Respondent.               (2) THE AMENDED PETITION IS
                                                  DISMISSED WITH LEAVE TO AMEND
14                                                WITHIN THIRTY DAYS; AND

15                                                (3) PETITIONER'S MOTION FOR
                                                  APPOINTMENT OF COUNSEL AND
16                                                APPLICATION TO PROCEED *IN FORMA
                                                  PAUPERIS* ARE DENIED.
17
                                                  ECF Nos. 8, 13, & 14
18
                                                  FINDINGS AND RECOMMENDATIONS
19                                                THAT PETITIONER'S MOTION FOR
                                                  INJUNCTIVE RELIEF BE DENIED
20
                                                  ECF No. 9
21

22

23          Petitioner, proceeding without counsel, seeks a writ of habeas corpus under 28 U.S.C.

24   § 2254. Judge Hollows, who was previously assigned to this case, found that petitioner's first

25   petition did not state a cognizable claim.  ECF No. 6.  Petitioner has now filed an amended

26   petition that, for the reasons stated below, also does not state a cognizable claim.  ECF No. 8.  I

27   will recommend that this action be dismissed.

28

                                                    1

The amended petition is before me for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases.  Under Rule 4, the judge assigned to the habeas proceeding must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief.  *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

The amended petition is impossible to understand.  Over fourteen dense, hand-written pages, petitioner lists various purported claims, but does not adequately contextualize any of them.  Having reviewed the petition in its entirety several times, I find myself unable to describe the claims with any precision or to grasp how they interact with one another.  No respondent could be expected to answer this petition on its merits.  Out of an abundance of caution, I will give petitioner one final opportunity to amend.  He must use the federal habeas form and list each claim separately.  The facts relevant to each claim should be grouped together so that I and any future respondent can contextualize petitioner's allegations.

I note that petitioner's unauthorized "supplement" to the petition is somewhat easier to understand, although I do not know whether it encompasses all of petitioner's claims.  ECF No. 10.  It presents another potential hurdle for petitioner, however, insofar as the conviction he appears to be challenging was finalized in 1996.  *Id.* at 11.  Any amended petition should explain why petitioner's claims are not time-barred.

I will also recommend that petitioner's motion for injunctive relief be denied.  Assuming that preliminary injunctive relief is even available in habeas actions, petitioner has failed to show that it is warranted here.  Having reviewed the motion, I cannot tell what relief petitioner is seeking.  And, given that his petition is inadequate to proceed, he cannot show that he is likely to succeed on the merits of his claims.

Finally, I will deny petitioner's request for appointment of counsel.  There is no right to counsel in habeas actions and petitioner has not shown that this case is sufficiently complex so as to warrant appointment.

2

It is ORDERED that:

1.      The Clerk of Court shall assign a district judge to this action and send petitioner a federal habeas form with this order.

2.      Petitioner's amended petition, ECF No. 8, is dismissed with leave to amend within thirty days.  If petitioner fails to file an amended petition within that deadline, I will recommend that this action be dismissed for the reasons stated in this order.

3.      Petitioner's motion for appointment of counsel, ECF No. 13, is DENIED without prejudice.

4.      Petitioner's application to proceed *in forma pauperis*, ECF No. 14, is DENIED as moot because he has already tendered the filing fee.

Further it is RECOMMENDED that petitioner's motion for injunctive relief, ECF No. 9, be DENIED.

These findings and recommendations are submitted to the U.S. District Court Judge presiding over this case under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within fourteen days of service of the findings and recommendations, petitioner may file written objections to the findings and recommendations with the court and serve a copy on all parties.  That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The District Judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:    April 8, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3